UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BAIZE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA,<br><br>　　　　　　　　　Defendant. | Case No.: 21CV1823-GPC(MSB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT**<br><br>**[DKT. NOS. 2, 5.]** |

Plaintiff Debbie Baize, proceeding pro se, filed a complaint against the United States District Court for the Southern District of California and a motion for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 1, Compl; Dkt. No. 2.) She subsequently filed a motion to appoint counsel. (Dkt. No. 5.) She also filed additional information to add to the "case file." (Dkt. No. 7.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the action under 28 U.S.C. § 1915(A), and DENIES the request for appointment of counsel as moot.

**A.      Motion to Proceed in Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The plaintiff must submit an affidavit demonstrating her inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted an affidavit stating that she receives $1,141 per month in disability income.  (Dkt. No. 2 at 2.)  She has not been employed for the past two years and has $00.00 in cash, no bank accounts, and no assets.  (*Id.* at 2, 3.)  She has monthly expenses of $920 per month.  (*Id.* at 4.)  She states that she is homeless and resides at a women's shelter and is unable to pay the fee.  (*Id.* at 5.)  Based on these facts, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir.

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1 | 2012)).

2 | Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, duplicative lawsuits filed by a plaintiff proceeding IFP are subject to dismissal as either frivolous or malicious under Section 1915(e).  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Here, Plaintiff alleges that her constitutional rights were violated when she was subject to a false arrest, without consent, charges or a warrant, by the County of San Diego employees for monetary gain. (Dkt. No. 1, Compl at 1.[2])  As such, she claims she served seven years at state and county correctional facilities on false charges and was forced to be separated from her husband and children. (*Id.* at 2-3.)  She then asserts that she has been seeking relief for damage to her health and body due to conditions at the facilities for eighteen years. (*Id.* at 4.)  Specifically, she claims she was deprived of

---

[2] Page numbers are based on the CM/ECF pagination.

exercise for her health, was not provided with certain daily dietary foods such as milk, water and juice and certain foods she is religiously accustomed to eating and drinking. (*Id.* at 6.)  She was also not provided with purified clean drinking water but instead provided with muddy brown water to drink and was denied access to her books. (*Id.*)

The Court concludes that the allegations of the complaint are vague and conclusory and fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Therefore, the Court concludes that the Complaint must be dismissed because it fails to state a claim on which relief can be granted.

Moreover, Defendant United States District Court for the Southern District of California is not a proper defendant because it is immune from suit. *See Jones v. Vandenberg*, 52 F. App'x 418, 418 (9th Cir. 2002) (unpublished) (affirming district court's dismissal of civil rights action "against the United States District Court and court officials because these defendants are immune from liability"); *see also Reinhardt v. Beck*, No. 1:11-CV-01015-OWW, 2011 WL 2909872, at *2 (E.D. Cal. July 15, 2011) ("[T]he United States District Court is not a 'person' and is not a proper defendant under Section 1983."); *see also Hensley v. United States Dist. Ct. Eastern Dist. of Cal.*, No. CIV S-07-1546 FCD DAD PS, 2008 WL 480000, at *14 (E.D. Cal. Feb. 19, 2008) ("Plaintiffs cannot proceed against the United States District Court under the Federal Tort Claims Act or in a Bivens action.").

Finally, this action is nearly duplicative of another complaint Plaintiff filed in this district. *See Debbie Baize v. United States District Court for the Southern District of Cal.*, Case No. 21cv1262-BAS(KSC).  In that case, Plaintiff filed a second amended complaint against the United States District Court for the Southern District of California and alleged that she was detained for seven years against her will by the Southern District of California on false charges in violation of her constitutional and civil rights.  (*Id.*, Dkt. No. 23, Dismissal Order at 3.)  On October 19, 2021, District Judge Bashant dismissed

the action with prejudice because the United States District Court for the Southern District of California is not a proper defendant in the case, the SAC failed to state a claim, raised the same claims against the same party in another case, *Baize v. United States*, 17cv1328-WQH(KSC) and despite being granted leave to amend two times, the plaintiff still failed to cure the deficiencies the court noted.  (*Id.*)

In this case, the parties are identical to Case No. 21cv1262-BAS(KSC)[3] and the allegations are identical although Plaintiff appears to add additional allegations concerning her conditions of confinement while detained.  Nonetheless, based on the additional reasons of failing to state a claim and failing to name a proper defendant, the Court *sua sponte* DISMISSES the complaint for failure to state a claim for relief.

## C. Request for Appointment of Counsel

Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action.  (Dkt. No. 5.)  The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Here, because the Court dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court DENIES Plaintiff's request to appoint counsel as moot.

/ / /

/ / /

/ / /

/ / /

---

[3] The Court notes that Plaintiff may have been seeking reconsideration of District Judge Bashant's order of dismissal because she starts "To: the Honorable Judge Cynthia Bashant" and addresses Judge Bashant in her complaint. (Dkt. No. 1, Compl at 1-2.)  However, her pleading was filed as a new complaint.

**Conclusion**

In sum, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim and DENIES Plaintiff's request for appointment of counsel as moot.

IT IS SO ORDERED.

Dated:  December 17, 2021

Hon. Gonzalo P. Curiel
United States District Judge